Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/20/2019 09:07 AM CST

In re The Stueven Charitable Foundation,
a Nebraska nonprofit corporation.
The Stueven Charitable Foundation and Kristy Cavanaugh,
appellees, v. Delbert Stueven, by and through
Shelley Stueven Mallory, his Guardian
and Conservator, appellant.

___ N.W.2d ___

Filed September 27, 2019.    No. S-18-1110.

1.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

Appeal from the District Court for Hall County: Teresa K. Luther, Judge. Vacated and remanded for further proceedings.

Thomas A. Wagoner for appellant.

John Matson, James Tews, and Matthew Maser, of Koley Jessen, P.C., L.L.O., for appellees.

Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

The district court for Hall County granted the petition of The Stueven Charitable Foundation (Foundation) seeking the appointment of four members to its board of directors. Delbert Stueven (Delbert)—by and through his guardian and conservator, Shelley Stueven Mallory (Shelley)—appeals. We vacate the district court's appointment of directors and remand the matter to the district court for further proceedings.

## BACKGROUND

Delbert and his wife incorporated the Foundation in 1990 as a charitable nonprofit corporation. Delbert's wife has since passed away. The current directors of the Foundation are Delbert, president; Kristy Cavanaugh, secretary; and Robert Burkhardt, treasurer (incorrectly referred to as "Bernhardt" in some pleadings). Delbert has since been found incompetent. His daughter, Shelley, was appointed as his guardian and conservator.

The Foundation and Cavanaugh filed a petition on September 18, 2018, seeking the appointment of additional directors. The Foundation's amended petition alleged that the Foundation failed to make the required 2016 calendar year donation to a qualified charity and that another distribution was due before the end of 2018. The Foundation further alleged that Cavanaugh had attempted to contact Burkhardt for the purpose of holding a meeting of the board of directors, but was unable to reach him. The Foundation alleged that because of Delbert's incapacity and Burkhardt's failure to respond, the board lacked a quorum to take any actions. As such, the Foundation sought an order from the district court appointing two new directors.

Delbert, acting through Shelley, filed a motion on October 11, 2018, seeking the dismissal of "the action of . . . Cav[a]naugh." In that motion, Shelley objected to the appointment of further directors, arguing that there was no vacancy on the board.

On October 29, 2018, Cavanaugh, acting in her capacity as a director of the Foundation, retained separate counsel and filed an answer and a cross-complaint that contained allegations similar to those made by the Foundation and sought essentially the same relief as the Foundation, except that Cavanaugh asked for the appointment of four, not two, additional directors.

A hearing on this motion was held on October 30, 2018. There was no testimony at the hearing, and no evidence was offered. The articles of incorporation and certain amendments had been attached to the initial petition filed by the Foundation. And those same articles with some amendments, minutes from

various board meetings, and the Foundation's bylaws were attached to Cavanaugh's answer and cross-complaint.

On November 2, 2018, the district court granted the Foundation's petition in part and Cavanaugh's petition in its entirety, appointing four new directors to the board. Shelley, acting as Delbert's guardian and conservator, appeals.

### ASSIGNMENTS OF ERROR

Shelley assigns that the district court erred (1) in appointing members to the board of directors and (2) in failing to find that Shelley could act as Delbert's representative on the board of directors.

### STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[1]

### ANALYSIS

The primary issue on appeal is whether the district court erred in naming four new directors to the board of directors for the Foundation. Shelley argues that the district court's appointment of directors was contrary to the Foundation's bylaws, was beyond the statutory authority of the court, and was not supported by the evidence. Relatedly, Shelley asserts that as Delbert's guardian and conservator, she could serve as his representative on the board.

*Waiver and Authority to Act.*

Before we reach Shelley's assignments of error, we address a few preliminary matters. First, Cavanaugh argues that Shelley has waived most of her arguments on appeal, because she did not object to the authority of the district court to appoint the directors in question, but instead took issue only with the qualifications of two of the four directors suggested by Cavanaugh and ultimately appointed by the court.

---

[1] *Randy S. v. Nicolette G.*, 302 Neb. 465, 924 N.W.2d 48 (2019).

A review of the record shows that Shelley's motion to dismiss specifically noted that there was no vacancy on the board, and as such, that the Foundation's motion seeking the appointment of directors should be dismissed. Counsel renewed this argument at the hearing, but also responded to the court's direct questioning about whether it had "any particular problem with those individuals [that were being recommended as directors]." On these facts, we conclude that Shelley has not waived these arguments on appeal.

In addition, Shelley contends that Neb. Rev. Stat. § 30-2653 (Reissue 2016) authorizes her to act on Delbert's behalf. We decline to address this contention, because it was not addressed by the district court.

*Appointment of Directors.*

Shelley argues on appeal that the district court was not authorized by the Nebraska Nonprofit Corporation Act or by the Foundation's bylaws to appoint additional directors. A review of the pertinent language from both the Foundation's bylaws and articles and the act is helpful.

According to the articles of incorporation and their amendments, the Foundation's board of directors must have an odd number of directors, numbering at least three and no more than nine. Each director must reside in Hall County and cannot be a lineal descendant of Delbert or his wife or be a spouse of such descendant.

A quorum of the board is two directors. The bylaws also require an annual meeting and provide for regular meetings to be called by the board. In addition, special meetings may be called by the president, by the secretary-treasurer, or by two nonofficer members.

Directors may resign or may be removed from office for abandonment of duties of the office, for committing an act of moral turpitude against the Foundation, or for failure to meet residency or vocational requirements for the position held. "[R]emoval may be accomplished by resolution of the remaining directors or director, if only one," after notice is given.

The articles of incorporation provide that "[f]or so long as he remains in office as a Director of this Foundation, any vacancy occurring in the office of Director shall be filled by appointment made by [Delbert, who is] the Surviving Stueven Family Director," but that

> [a]fter the death, resignation or removal of the Surviving Stueven Family Director from the office of Director of this Foundation, the remaining Directors or Director, if there is only one, shall have the authority to elect the replacement for the Surviving Stueven Family Director and thereafter the incumbent Directors, or incumbent Director if there is only one, shall have the authority to elect the replacement necessary to replace any other Director whose office is vacated for any reason.

The articles also provide:

> Any vacancy . . . which is caused by there being no qualified appointee or the failure of a qualified appointee to accept the appointment or by the failure of the [board of] Directors to appoint an Appointed Director within sixty (60) days after a vacancy occurs . . . may be filled by appointment of a Hall County resident made by the Hall County District Court in an action brought by the Foundation for that purpose and to prevent the dissolution of the Foundation.

With respect to vacancies, the bylaws provide that "[a]ny vacancy occurring in the board of directors may be filled as provided in the Articles of Incorporation of the Foundation." Moreover, "[i]f all of the directors shall die, resign, or otherwise become disqualified, then any interested person acting for and on behalf of the Foundation may petition to the District Court of Hall County, Nebraska, for the appointment of successor directors."

As relevant to this assertion, Neb. Rev. Stat. § 21-1917 (Reissue 2012) provides:

> (a) If for any reason it is impractical or impossible for any corporation to call or conduct a meeting of its members, delegates, or directors, or otherwise obtain their

consent, in the manner prescribed by its articles, bylaws, or the Nebraska Nonprofit Corporation Act, then upon petition of a director, officer, delegate, member, or the Attorney General, the district court may order that such a meeting be called or that a written ballot or other form of obtaining the vote of members, delegates, or directors be authorized in such a manner it finds fair and equitable under the circumstances.

(b) The district court shall, in an order issued pursuant to this section, provide for a method of notice reasonably designed to give actual notice to all persons who would be entitled to notice of a meeting held pursuant to the articles, bylaws and the act, whether or not the method results in actual notice to all such persons or conforms to the notice requirements that would otherwise apply. In a proceeding under this section the district court may determine who the members or directors are.

(c) The order issued pursuant to this section may dispense with any requirement relating to the holding of or voting at meetings or obtaining votes, including any requirement as to quorums or as to the number or percentage of votes needed for approval, that would otherwise be imposed by the articles, bylaws, or the act.

(d) Whenever practical, any order issued pursuant to this section shall limit the subject matter of meetings or other forms of consent authorized to items, including amendments to the articles or bylaws, the resolution of which will or may enable the corporation to continue managing its affairs without further resort to this section. An order under this section may also authorize the obtaining of whatever votes and approvals are necessary for the dissolution, merger, or sale of assets.

(e) Any meeting or other method of obtaining the vote of members, delegates, or directors conducted pursuant to an order issued under this section, and that complies with all the provisions of such order, is for all purposes a valid meeting or vote, as the case may be, and shall have the

same force and effect as if it complied with every requirement imposed by the articles, bylaws, and the act.

We find no authority either under the Foundation's bylaws and articles or under § 21-1917 for the district court to appoint new directors in the situation presented by this case. The articles allow the Foundation to seek the appointment of directors to fill any vacancy which is "not filled by appointment and acceptance . . . within ninety (90) days after the vacancy." A vacancy is deemed to have occurred when a director dies or resigns, or where a director is removed from the board. Those things did not occur here: neither Delbert nor Burkhardt has died or resigned. Nor was either removed as a director from the board.

And § 21-1917(a) allows the court to call a meeting of the board of directors only when "for any reason it is impractical or impossible for any corporation to call or conduct a meeting of its . . . directors, or otherwise obtain their consent, in the manner prescribed by its articles, bylaws, or the Nebraska Nonprofit Corporation Act." There is nothing in this language that suggests that the district court can appoint directors.

The bylaws and articles allow the district court to appoint new directors only when there was a vacancy on the board. Section 21-1917 does not independently authorize a district court to appoint new members to the board of a nonprofit corporation. As such, we find merit to Shelley's assignment of error on this point.

## CONCLUSION

The district court lacked the authority to appoint new directors. Accordingly, we vacate the district court's order appointing new directors and remand the matter to the district court for further proceedings.

VACATED AND REMANDED FOR
FURTHER PROCEEDINGS.

HEAVICAN, C.J., and MILLER-LERMAN, J., not participating.